IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:18-cv-00363 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM W. JOHNSON; | ) | |
| ROSETTA P. JOHNSON; | ) | |
| FAMILY ENTERTAINMENT SERVICES, | ) | |
| INC.; | ) | |
| JACKSON COUNTY HOLDINGS, INC.; | ) | |
| TICK RIDGE FARMS, INC.; | ) | |
| SANDBOR PROMOTIONS, LLC; | ) | |
| THE BRICKMAN GROUP, LTD., now known | ) | |
| as BRIGHTVIEW LANDSCAPES, LLC; | ) | |
| CAPITAL ONE BANK (USA), N.A.; | ) | |
| STATE OF OHIO; | ) | |
| STATE OF TEXAS; and | ) | |
| TREASURER OF JACKSON COUNTY; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

The United States, pursuant to 26 U.S.C. § 7401, with the authorization of a delegate of

the Secretary of the Treasury, and at the direction of a delegate of the Attorney General, brings

this civil action against: (1) Defendant William W. Johnson to reduce to judgment unpaid

federal tax liabilities; (2) Defendant Rosetta P. Johnson to reduce to judgment unpaid federal tax

liabilities; (3) Family Entertainment Services, Inc., to reduce to judgment unpaid federal tax

liabilities; (4) Defendant Jackson County Holdings, Inc., to reduce to judgment unpaid federal

tax liabilities; and (5) all Defendants to enforce the federal tax liens that have attached to certain

parcels of real property located in Jackson County, Ohio.

For its Complaint, the United States alleges as follows:

### *Jurisdiction and Parties*

1.      Jurisdiction over this action arises under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.      Defendant William W. Johnson resides within the jurisdiction of this Court.

4.      Defendant Rosetta P. Johnson resides within the jurisdiction of this Court.

5.      Defendant Family Entertainment Services, Inc., is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

6.      Defendant Jackson County Holdings, Inc., is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

7.      Defendant Tick Ridge Farms, Inc., is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

8.      Defendant Sandbor Promotions, LLC, is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

9.      Defendant The Brickman Group, Ltd., now known as BrightView Landscapes, LLC, is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

10.     Defendant Capital One Bank (USA), N.A., is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

11.     Defendant State of Ohio is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

12.     Defendant State of Texas is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

13.     Defendant Treasurer of Jackson County is named as a party pursuant to 26 U.S.C. § 7403(b) because it has or may claim an interest in the real properties upon which the United States seeks to enforce its liens.

### COUNT I: To Collect Unpaid 1040 Federal Income Taxes
### (Defendant William W. Johnson Only)

14.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

15.     A delegate of the Secretary made income tax assessments against William W. Johnson, on the dates and in the amounts set forth below:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2005 | 5/5/2008<br>5/26/2008<br>6/1/2009<br>12/25/2017<br>3/12/2018 | Federal Income Tax<br>Late Payment Penalty<br>Late Payment Penalty<br>Collection Fee<br>Collection Fee | $2,888.00<br>$68.16<br>$346.56<br>$8.00<br>$8.00 | $4,154.29 |

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2007 | 4/20/2009 | Federal Income Tax | $4,592.00 | $9,798.77 |
| | 4/20/2009 | Estimated Tax Penalty | $159.97 | |
| | 4/20/2009 | Late Filing Penalty | $1,033.20 | |
| | 4/20/2009 | Late Payment Penalty | $298.48 | |
| | 4/20/2009 | Interest | $315.83 | |
| | 5/31/2010 | Late Payment Penalty | $574.00 | |
| | 5/28/2012 | Late Payment Penalty | $275.52 | |
| 2013 | 9/28/2015 | Federal Income Tax | $5,396.00 | $8,978.54 |
| | 9/28/2015 | Late Filing Penalty | $1,214.10 | |
| | 9/28/2015 | Late Payment Penalty | $485.64 | |
| | 9/28/2015 | Interest | $275.93 | |
| | 12/7/2015 | Collection Fee | $8.00 | |
| | 12/4/2017 | Interest | $632.79 | |
| | 12/4/2017 | Late Payment Penalty | $863.36 | |
| 2014 | 12/28/2015 | Federal Income Tax | $14,856.00 | $21,209.91 |
| | 12/28/2015 | Estimated Tax Penalty | $108.00 | |
| | 12/28/2015 | Late Filing Penalty | $668.52 | |
| | 12/28/2015 | Late Payment Penalty | $321.21 | |
| | 3/1/2016 | Collection Fee | $8.00 | |
| | 12/4/2017 | Interest | $1,291.53 | |
| | 12/4/2017 | Late Payment Penalty | $3,045.48 | |
| | | **TOTAL** | | **$44,141.51** |

16.     A delegate of the Secretary duly gave William W. Johnson notice of the tax assessments and made a demand for payment of the balance due.

17.     Despite such notice and demand, William W. Johnson has failed, neglected, or refused to pay in full the liabilities described in paragraph 15 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, he remains indebted to the United States for unpaid income taxes and statutory accruals, including interest, in the total amount of $44,141.51, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT II: To Collect Unpaid Trust Fund Recovery Penalties
### (Defendant William W. Johnson Only)

18.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

19.     Upon information and belief, Defendant William W. Johnson was the President of Defendant Family Entertainment Services, Inc., since January 1, 2008, and determined financial policy, directed payment of bills, opened and closed bank accounts, had bank account signatory authority, authorized payroll, made federal tax deposits, signed tax returns, and hired and fired employees, regarding Defendant Family Entertainment Services, Inc.

20.     Upon information and belief, Defendant William W. Johnson caused other creditors of Family Entertainment Services, Inc., to be paid rather than pay federal employment taxes.

21.     Upon information and belief, Defendant William W. Johnson is the President of Defendant Jackson County Holdings, Inc., and determined financial policy, directed payment of bills, opened and closed bank accounts, had bank account signatory authority, authorized payroll, made federal tax deposits, signed tax returns, and hired and fired employees, regarding Defendant Jackson County Holdings, Inc.

22.     Upon information and belief, Defendant William W. Johnson caused other creditors of Jackson County Holdings, Inc., to be paid rather than pay federal employment taxes.

23.     A delegate of the Secretary assessed the trust fund recovery penalty against William W. Johnson, due to unpaid employment taxes of Family Entertainment Services, Inc., and Jackson County Holdings, Inc., on the dates and in the amounts set forth below:

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 6/30/2007 | 10/5/2009 | 6672 | $21,300.21 | $20,568.13 |
| 9/30/2007 | 10/5/2009 | 6672 | $71,573.45 | $95,709.70 |
| 9/30/2008 | 10/5/2009 | 6672 | $53,846.31 | $72,004.57 |
| 12/31/2008 | 10/5/2009 | 6672 | $23,988.71 | $32,078.27 |
| 9/30/2009 | 8/1/2011 | 6672 | $31,391.52 | $39,133.53 |
| | 10/3/2011 | Collection Fee | $8.00 | |
| 12/31/2009 | 8/1/2011 | 6672 | $13,485.83 | $16,807.55 |
| 6/30/2010 | 8/1/2011 | 6672 | $23,185.29 | $28,896.10 |
| 9/30/2010 | 8/1/2011 | 6672 | $42,614.90 | $53,111.44 |
| 12/31/2010 | 8/1/2011 | 6672 | $28,757.64 | $35,840.97 |
| 9/30/2011 | 10/29/2012 | 6672 | $19,326.57 | $697.76 |
| 12/31/2011 | 10/29/2012 | 6672 | $9,589.17 | $11,494.30 |
| | 12/4/2017 | Interest | $1,773.63 | |
| 3/31/2012 | 10/29/2012 | 6672 | $23,434.29 | $28,090.10 |
| | 12/4/2017 | Interest | $4,334.45 | |
| 6/30/2014 | 10/26/2015 | 6672 | $258.48 | $291.93 |
| | 2/15/2016 | Collection Fee | $8.00 | |
| | 12/4/2017 | Interest | $22.11 | |
| 3/31/2015 | 10/26/2015 | 6672 | $24,067.87 | $26,373.49 |
| | 12/4/2017 | Interest | $2,003.90 | |
| 6/30/2015 | 5/9/2016 | 6672 | $27,406.58 | $29,529.63 |
| | 11/20/2017 | Collection Fee | $8.00 | |
| | | **TOTAL** | | **$490,627.47** |

24.    A delegate of the Secretary duly gave William W. Johnson notice of the tax assessments and made a demand for payment of the balance due.

25.    Despite such notice and demand, William W. Johnson has failed, neglected, or refused to pay in full the liabilities described in paragraph 23 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, he remains indebted to the United States for unpaid internal revenue taxes and statutory accruals, including interest, in the total amount of $490,627.47, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT III: To Collect Unpaid 1040 Federal Income Taxes
### (Defendant Rosetta P. Johnson Only)

26.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

27.     A delegate of the Secretary made income tax assessments against Rosetta P. Johnson, on the dates and in the amounts set forth below:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2013 | 8/15/2016 | Federal Income Tax | $603.00 | $977.02 |
|  | 8/15/2016 | Late Filing Penalty | $151.00 |  |
|  | 8/15/2016 | Interest | $57.73 |  |
|  | 9/11/2017 | Interest | $35.59 |  |
|  | 9/11/2017 | Late Payment Penalty | $66.33 |  |
|  | 12/25/2017 | Collection Fee | $8.00 |  |
|  |  | **TOTAL** |  | **$977.02** |

28.     A delegate of the Secretary duly gave Rosetta P. Johnson notice of the tax assessments and made a demand for payment of the balance due.

29.     Despite such notice and demand, Rosetta P. Johnson has failed, neglected, or refused to pay in full the liabilities described in paragraph 27 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, she remains indebted to the United States for unpaid income taxes and statutory accruals, including interest, in the total amount of $977.02, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT IV: To Collect Unpaid Trust Fund Recovery Penalties
### (Defendant Rosetta P. Johnson Only)

30.    The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

31.    Upon information and belief, Defendant Rosetta P. Johnson was the President of Defendant Family Entertainment Services, Inc., through December 31, 2007, and caused payment of bills, had bank account signatory authority, signed checks, and authorized payroll, regarding Defendant Family Entertainment Services, Inc.

32.    Upon information and belief, Defendant Rosetta P. Johnson caused other creditors of Family Entertainment Services, Inc., to be paid rather than pay federal employment taxes.

33.    Upon information and belief, Defendant Rosetta P. Johnson caused payment of bills, had bank account signatory authority, signed checks, and authorized payroll, regarding Defendant Jackson County Holdings, Inc.

34.    Upon information and belief, Defendant Rosetta P. Johnson caused other creditors of Jackson County Holdings, Inc., to be paid rather than pay federal employment taxes.

35.     A delegate of the Secretary assessed the trust fund recovery penalty against Rosetta P. Johnson, due to unpaid employment taxes of Family Entertainment Services, Inc., and Jackson County Holdings, Inc., on the dates and in the amounts set forth below:

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 6/30/2007 | 4/23/2010 | 6672 | $21,300.21 | $19,950.67 |
| | 5/24/2010 | Interest | $72.48 | |
| | 11/13/2017 | Interest | $5,425.95 | |
| 9/30/2007 | 4/23/2010 | 6672 | $71,573.45 | $93,634.91 |
| | 5/24/2010 | Interest | $243.55 | |
| | 11/31/2017 | Interest | $20,533.94 | |

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 9/30/2008 | 4/23/2010 | 6672 | $53,846.31 | $70,443.64 |
| | 5/24/2010 | Interest | $183.23 | |
| | 11/31/2017 | Interest | $15,448.14 | |
| 12/31/2008 | 4/23/2010 | 6672 | $23,988.71 | $31,382.88 |
| | 5/24/2010 | Interest | $81.63 | |
| | 11/13/2017 | Interest | $6,882.20 | |
| 9/30/2009 | 8/1/2011 | 6672 | $31,391.52 | $39,133.53 |
| | 10/3/2011 | Collection Fee | $8.00 | |
| | 11/13/2017 | Interest | $7,197.39 | |
| 12/31/2009 | 8/1/2011 | 6672 | $13,485.83 | $16,807.55 |
| | 11/13/2017 | Interest | $3,091.24 | |
| 6/30/2010 | 8/1/2011 | 6672 | $23,185.29 | $28,896.10 |
| | 11/13/2017 | Interest | $5,314.56 | |
| 9/30/2010 | 8/1/2011 | 6672 | $42,614.90 | $53,111.44 |
| | 11/13/2017 | Interest | $9,768.25 | |
| 12/31/2010 | 8/1/2011 | 6672 | $28,757.64 | $35,840.97 |
| | 11/13/2017 | Interest | $6,591.86 | |
| 9/30/2011 | 10/29/2012 | 6672 | $19,326.57 | $688.98 |
| 12/31/2011 | 10/29/2012 | 6672 | $9,589.17 | $11,494.30 |
| | 11/13/2017 | Interest | $1,747.51 | |
| 3/31/2012 | 10/29/2012 | 6672 | $23,434.29 | $28,090.10 |
| | 11/13/2017 | Interest | $4,270.62 | |
| 6/30/2014 | 10/26/2015 | 6672 | $258.48 | $291.93 |
| | 2/15/2016 | Collection Fee | $8.00 | |
| | 11/13/2017 | Interest | $21.45 | |
| 3/31/2015 | 10/26/2015 | 6672 | $24,067.87 | $26,373.49 |
| | 11/13/2017 | Interest | $1,943.97 | |
| | | **TOTAL** | | **$456,140.49** |

36. A delegate of the Secretary duly gave Rosetta P. Johnson notice of the tax assessments and made a demand for payment of the balance due.

37. Despite such notice and demand, Rosetta P. Johnson has failed, neglected, or refused to pay in full the liabilities described in paragraph 35 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, she remains indebted to the United States for unpaid internal revenue taxes and statutory accruals, including interest, in the total

9

amount of $456,140.49, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT V: To Collect Unpaid Employment Taxes
### (Defendant Family Entertainment Services, Inc., Only)

38.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

39.     A delegate of the Secretary made tax assessments against Family Entertainment Services, Inc., regarding certain employment taxes owed to the Internal Revenue Service, on the dates and in the amounts set forth below:

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 12/31/2010 | 5/2/2011 | 940 | $3,356.91 | $3,718.57 |
| | 5/2/2011 | Late Payment Penalty | $48.78 | |
| | 5/2/2011 | Interest | $20.47 | |
| 9/30/2007 | 12/24/2007 | 941 | $106,112.06 | $167,715.10 |
| | 12/24/2007 | Tax Deposit Penalty | $8,661.69 | |
| | 12/24/2007 | Late Payment Penalty | $866.13 | |
| | 12/24/2007 | Interest | $1,031.09 | |
| | 1/28/2008 | Tax Deposit Penalty | $4,330.64 | |
| | 3/31/2008 | Collection Fee | $8.00 | |
| | 12/18/2017 | Collection Fee | $8.00 | |
| 6/30/2008 | 9/29/2008 | 941 | $65,794.21 | $4,956.87 |
| | 9/29/2008 | Tax Deposit Penalty | $3,910.51 | |
| 9/30/2008 | 2/16/2009 | 941 | $77,912.47 | $144,837.79 |
| | 2/16/2009 | Tax Deposit Penalty | $7,791.23 | |
| | 2/16/2009 | Late Payment Penalty | $1,558.25 | |
| | 2/16/2009 | Interest | $1,291.24 | |
| | 3/23/2009 | Tax Deposit Penalty | $3,895.62 | |
| 12/31/2008 | 4/6/2009 | 941 | $35,707.52 | $65,577.40 |
| | 4/6/2009 | Tax Deposit Penalty | $3,570.75 | |
| | 4/6/2009 | Late Payment Penalty | $535.61 | |
| | 4/6/2009 | Interest | $313.42 | |
| | 5/11/2009 | Tax Deposit Penalty | $1,785.38 | |
| | 9/26/2011 | Collection Fee | $8.00 | |
| | 10/3/2011 | Collection Fee | $8.00 | |

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 9/30/2009 | 12/28/2009 | 941 | $68,290.34 | $58,407.66 |
|  | 12/28/2009 | Tax Deposit Penalty | $4,919.07 |  |
|  | 12/28/2009 | Late Payment Penalty | $313.92 |  |
|  | 12/28/2009 | Interest | $200.15 |  |
|  | 2/1/2010 | Tax Deposit Penalty | $1,569.58 |  |
|  | 6/21/2010 | Collection Fee | $8.00 |  |
| 12/31/2009 | 3/29/2010 | 941 | $21,038.39 | $24,218.03 |
|  | 3/29/2010 | Tax Deposit Penalty | $134.86 |  |
|  | 3/29/2010 | Interest | $84.50 |  |
|  | 5/3/2010 | Tax Deposit Penalty | $674.29 |  |
| 6/30/2010 | 9/20/2010 | 941 | $34,836.65 | $51,443.64 |
|  | 9/20/2010 | Tax Deposit Penalty | $3,252.40 |  |
|  | 9/20/2010 | Late Payment Penalty | $325.24 |  |
|  | 9/20/2010 | Interest | $182.28 |  |
|  | 10/25/2010 | Tax Deposit Penalty | $1,626.20 |  |
|  | 11/29/2010 | Collection Fee | $8.00 |  |
| 9/30/2010 | 2/14/2011 | 941 | $74,019.70 | $74,432.91 |
|  | 2/14/2011 | Tax Deposit Penalty | $4,938.43 |  |
|  | 2/14/2011 | Late Payment Penalty | $852.30 |  |
|  | 2/14/2011 | Interest | $444.78 |  |
|  | 3/21/2011 | Tax Deposit Penalty | $2,130.75 |  |
| 12/31/2010 | 4/4/2011 | 941 | $44,272.17 | $75,814.45 |
|  | 4/4/2011 | Tax Deposit Penalty | $4,427.21 |  |
|  | 4/4/2011 | Late Payment Penalty | $664.08 |  |
|  | 4/4/2011 | Interest | $234.70 |  |
|  | 5/9/2011 | Tax Deposit Penalty | $2,213.61 |  |
|  |  | **TOTAL** |  | **$671,122.42** |

40.     A delegate of the Secretary duly gave Family Entertainment Services, Inc., notice of the tax assessments and made a demand for payment of the balance due.

41.     Despite such notice and demand, Family Entertainment Services, Inc., has failed, neglected, or refused to pay in full the liabilities described in paragraph 39 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, it remains indebted to the United States for unpaid federal employment taxes and statutory accruals, including interest, in the total amount of $671,122.42, plus such additional amounts as may continue to accrue as

provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

    42.    This action is timely because it was brought within the statute of limitations set forth in 26 U.S.C. § 6502.

    a.    On February 6, 2009, the IRS terminated an installment agreement with Defendant Family Entertainment Services, Inc., which suspended the statute of limitations by 30 days, pursuant to 26 U.S.C. §§ 6331(i)(5) and 6331(k)(2)(D) and (3)(B).

    b.    During June 11, 2009, through June 14, 2009, Defendant Family Entertainment Services, Inc.'s offer for an installment agreement remained pending with the IRS, which suspended the statute of limitations by 4 days, pursuant to 26 U.S.C. §§ 6331(i)(5) 6331(k)(2)(A) and (3)(B).

    c.    On April 28, 2010, the IRS terminated an installment agreement with Defendant Family Entertainment Services, Inc., which suspended the statute of limitations by 30 days, pursuant to 26 U.S.C. §§ 6331(i)(5) and 6331(k)(2)(D) and (3)(B).

    d.    On July 31, 2012, the IRS terminated an installment agreement with Defendant Family Entertainment Services, Inc., which suspended the statute of limitations by 30 days, pursuant to 26 U.S.C. §§ 6331(i)(5) and 6331(k)(2)(D) and (3)(B).

    e.    On June 15, 2015, the IRS terminated an installment agreement with Defendant Family Entertainment Services, Inc., which suspended the statute of limitations by 30 days, pursuant to 26 U.S.C. §§ 6331(i)(5) and 6331(k)(2)(D) and (3)(B).

### COUNT VI: To Collect Unpaid 1120 Federal Income Taxes
### (Defendant Family Entertainment Services, Inc., Only)

43.     The United States repeats and re-alleges all paragraphs above, as though fully set

forth herein.

44.     A delegate of the Secretary made income tax assessments against Family

Entertainment Services, Inc., on the dates and in the amounts set forth below:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2013 | 2/9/2015 2/9/2015 12/25/2017 | 1120 Late Filing Penalty Collection Fee | $0.00 $780.00 $8.00 | $119.74 |
| 2014 | 11/30/2015 11/30/2015 | 1120 Late Filing Penalty | $0.00 $390.00 | $426.13 |
| 2016 | 1/1/2018 1/1/2018 3/26/2018 | 1120 Late Filing Penalty Collection Fee | $0.00 $390.00 $8.00 | $401.30 |
| | | **TOTAL** | | **$947.17** |

45.     A delegate of the Secretary duly gave Family Entertainment Services, Inc., notice

of the tax assessments and made a demand for payment of the balance due.

46.     Despite such notice and demand, Family Entertainment Services, Inc., has failed,

neglected, or refused to pay in full the liabilities described in paragraph 44 above, and, after the

application of all abatements, payments, and credits, as of March 19, 2018, it remains indebted to

the United States for unpaid income taxes and statutory accruals, including interest, in the total

amount of $947.17, plus such additional amounts as may continue to accrue as provided by law,

including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### *COUNT VII: To Collect Unpaid Employment Taxes*
### *(Defendant Jackson County Holdings, Inc., Only)*

47.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

48.     A delegate of the Secretary made tax assessments against Jackson County Holdings, Inc., regarding certain employment taxes owed to the Internal Revenue Service, on the dates and in the amounts set forth below:

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 12/31/2014 | 7/13/2015 | 940 | $3,484.91 | $3,932.07 |
|  | 7/13/2015 | Late Filing Penalty | $107.62 |  |
|  | 7/13/2015 | Tax Deposit Penalty | $348.49 |  |
|  | 7/13/2015 | Late Payment Penalty | $71.75 |  |
|  | 7/13/2015 | Interest | $33.71 |  |
|  | 8/17/2015 | Tax Deposit Penalty | $119.58 |  |
|  | 8/17/2015 | Late Payment Penalty | $11.96 |  |
|  | 8/17/2015 | Interest | $8.51 |  |
|  | 10/19/2015 | Collection Fee | $8.00 |  |
| 12/31/2015 | 4/25/2016 | 940 | $1,694.63 | $2,242.48 |
|  | 4/25/2016 | Late Payment Penalty | $25.42 |  |
|  | 4/25/2016 | Interest | $13.01 |  |
| 12/31/2016 | 5/15/2017 | 940 | $361.08 | $433.73 |
|  | 5/15/2017 | Late Filing Penalty | $16.25 |  |
|  | 5/15/2017 | Late Payment Penalty | $7.22 |  |
|  | 5/15/2017 | Interest | $4.32 |  |
|  | 2/5/2018 | Collection Fee | $8.00 |  |
| 9/30/2011 | 1/2/2012 | 941 | $28,982.85 | $2,446.22 |
|  | 1/2/2012 | Tax Deposit Penalty | $2,898.28 |  |
|  | 1/2/2012 | Late Payment Penalty | $434.74 |  |
|  | 1/2/2012 | Interest | $150.45 |  |
|  | 2/6/2012 | Tax Deposit Penalty | $1,449.14 |  |
|  | 12/22/2014 | Late Payment Penalty | $1,221.11 |  |
|  | 7/20/2015 | Late Payment Penalty | $2,017.70 |  |
|  | 8/31/2015 | Late Payment Penalty | $2,696.36 |  |
|  | 1/4/2016 | Late Payment Penalty | $100.09 |  |
|  | 1/4/2016 | Interest | $44.95 |  |

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 12/31/2011 | 3/26/2012 | 941 | $34,358.41 | $15,925.26 |
| | 3/26/2012 | Tax Deposit Penalty | $958.92 | |
| | 3/26/2012 | Late Payment Penalty | $95.89 | |
| | 3/26/2012 | Interest | $43.33 | |
| | 4/30/2012 | Tax Deposit Penalty | $479.46 | |
| 3/31/2012 | 7/2/2012 | 941 | $37,738.05 | $62,324.09 |
| | 7/2/2012 | Tax Deposit Penalty | $3,773.80 | |
| | 7/2/2012 | Late Payment Penalty | $566.07 | |
| | 7/2/2012 | Interest | $195.37 | |
| | 8/6/2012 | Tax Deposit Penalty | $1,886.90 | |
| | 8/20/2012 | Collection Fee | $8.00 | |
| 9/30/2013 | 1/13/2014 | 941 | $75,075.77 | $722.07 |
| | 1/13/2014 | Tax Deposit Penalty | $616.94 | |
| | 5/25/2015 | Collection Fee | $8.00 | |
| 12/31/2013 | 4/7/2014 | 941 | $70,623.26 | $309.31 |
| | 4/7/2014 | Tax Deposit Penalty | $269.42 | |
| 3/31/2014 | 6/23/2014 | 941 | $39,447.97 | $57.96 |
| | 6/23/2014 | Tax Deposit Penalty | $320.24 | |
| 6/30/2014 | 10/27/2014 | 941 | $71,387.83 | $6,797.20 |
| | 10/27/2014 | Tax Deposit Penalty | $4,814.67 | |
| | 10/27/2014 | Late Payment Penalty | $629.95 | |
| | 10/27/2014 | Interest | $275.49 | |
| | 12/1/2014 | Tax Deposit Penalty | $12.91 | |
| 3/31/2015 | 8/3/2015 | 941 | $37,788.72 | $47,742.20 |
| | 8/3/2015 | Tax Deposit Penalty | $3,120.50 | |
| | 8/3/2015 | Late Payment Penalty | $624.10 | |
| | 8/3/2015 | Interest | $244.60 | |
| | 9/7/2015 | Tax Deposit Penalty | $1,560.25 | |
| | 9/7/2015 | Late Payment Penalty | $156.02 | |
| | 9/7/2015 | Interest | $101.39 | |
| 6/30/2015 | 10/12/2015 | 941 | $42,258.40 | $64,240.88 |
| | 10/12/2015 | Tax Deposit Penalty | $4,225.84 | |
| | 10/12/2015 | Late Payment Penalty | $633.88 | |
| | 10/12/2015 | Interest | $254.30 | |
| | 11/16/2015 | Tax Deposit Penalty | $2,112.92 | |
| | 11/16/2015 | Late Payment Penalty | $211.29 | |
| | 11/16/2015 | Interest | $136.47 | |
| | 2/8/2016 | Collection Fee | $8.00 | |

| Employment Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 6/30/2016 | 10/10/2016 | 941 | $18,162.27 | $22,719.68 |
| | 10/10/2016 | Late Payment Penalty | $272.43 | |
| | 10/10/2016 | Interest | $141.47 | |
| | 2/6/2017 | Collection Fee | $8.00 | |
| | 10/2/2017 | Interest | $740.85 | |
| | 10/2/2017 | Late Payment Penalty | $2,088.67 | |
| | | **TOTAL** | | **$229,893.15** |

49.     A delegate of the Secretary duly gave Jackson County Holdings, Inc., notice of the tax assessments and made a demand for payment of the balance due.

50.     Despite such notice and demand, Jackson County Holdings, Inc., has failed, neglected, or refused to pay in full the liabilities described in paragraph 48 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, it remains indebted to the United States for unpaid federal employment taxes and statutory accruals, including interest, in the total amount of $229,893.15, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT VIII: To Collect Unpaid 1120 Federal Income Taxes
### (Defendant Jackson County Holdings, Inc., Only)

51.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

52.     A delegate of the Secretary made income tax assessments against Jackson County Holdings, Inc., on the dates and in the amounts set forth below:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2014 | 11/302015 | 1120 | $5,402.00 | $7,981.27 |
| | 11/30/2015 | Estimated Tax Penalty | $40.00 | |
| | 11/30/2015 | Late Filing Penalty | $486.18 | |
| | 11/30/2015 | Late Payment Penalty | $243.09 | |
| | 11/30/2015 | Interest | $119.72 | |
| | | **TOTAL** | | **$7,981.27** |

53.    A delegate of the Secretary duly gave Jackson County Holdings, Inc., notice of the tax assessments and made a demand for payment of the balance due.

54.    Despite such notice and demand, Jackson County Holdings, Inc., has failed, neglected, or refused to pay in full the liabilities described in paragraph 52 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, it remains indebted to the United States for unpaid income taxes and statutory accruals, including interest, in the total amount of $7,981.27, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### *COUNT IX: To Collect Unpaid Civil Penalty*
### *(Defendant Jackson County Holdings, Inc., Only)*

55.    The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

56.    A delegate of the Secretary made civil penalty assessments against Jackson County Holdings, Inc., on the dates and in the amounts set forth below:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 3/19/2018 |
|---|---|---|---|---|
| 2013 | 4/4/2016 | I.R.C. § 6721 Information Return Penalty | $8,040.00 | $8,702.20 |
| | 7/4/2016 | Collection Fee | $8.00 | |
| | | **TOTAL** | | **$8,702.20** |

57.     A delegate of the Secretary duly gave Jackson County Holdings, Inc., notice of the tax assessments and made a demand for payment of the balance due.

58.     Despite such notice and demand, Jackson County Holdings, Inc., has failed, neglected, or refused to pay in full the liabilities described in paragraph 56 above, and, after the application of all abatements, payments, and credits, as of March 19, 2018, it remains indebted to the United States for unpaid taxes and statutory accruals, including interest, in the total amount of $8,702.20, plus such additional amounts as may continue to accrue as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### COUNT X: Enforcement of Federal Tax Liens Against the Borland Road Parcels (All Defendants)

59.     The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

**Defendants William W. Johnson's, Rosetta P. Johnson's, and Jackson County Holdings, Inc.'s Ownership Interest in the Borland Road Parcels**

60.     The Borland Road Parcels, upon which the United States is seeking to enforce its tax liens, are located within the jurisdiction of this Court at Borland Road, Ray, OH 45672, in Jackson County, and are legally described as follows:

Borland Road Parcel #1

Situated in the Township of Jackson, County of Jackson and State of Ohio:

Being the northwest quarter of the northeast quarter of Section No. 11, Township No. 8, Range No. 19, and containing 40 acres, more or less.

Parcel Number E08-001-00-100-00

Borland Road Parcel #2

Situated in the Township of Jackson, County of Jackson and State of Ohio:

Being the northwest quarter of the northeast quarter of Section No. 11, Township No. 8, Range No. 19, and containing 40 acres, more or less.

Parcel Number E08-001-00-101-00 (3732 Borland Road)

61. William W. Johnson and Rosetta Johnson, husband and wife, acquired the Borland Road Parcels from Max Lawton and Patricia Lawton, husband and wife, by a document dated October 21, 1982, and recorded on October 29, 1982, with the Jackson County Recorder's Office at Volume 247, Page 766.

62. Rosetta Johnson acquired William W. Johnson's interest in Borland Road Parcel #1 by a document dated April 28, 1983, and recorded on April 28, 1983, with the Jackson County Recorder's Office at Volume 249, Page 219.

63. Jackson County Holdings, Inc., acquired Borland Road Parcel #1 from Rosetta Johnson by a document dated August 28, 2000, and recorded on August 28, 2000, with the Jackson County Recorder's Office at Volume 327, Page 289.

64. Home Boys, Inc., acquired Borland Road Parcel #2 from William W. Johnson and Rosetta Johnson by a document dated December 19, 2008, and recorded on December 29, 2008, with the Jackson County Recorder's Office at Volume 65, Page 1466.

65. Tick Ridge Farms, Inc., acquired Borland Road Parcel #2 from Home Boys, Inc., by a document dated December 19, 2008, and recorded on December 29, 2008, with the Jackson County Recorder's office at Volume 65, Page 1468.

66.     Upon information and belief, Defendant Rosetta P. Johnson did not receive reasonably equivalent value for the transfer of Borland Road Parcel #1.

67.     Upon information and belief, Defendant Rosetta P. Johnson became insolvent as a result of the transfer of Borland Road Parcel #1.

68.     When title to Borland Road Parcel #2 was transferred to Home Boys, Inc., in 2008, Defendant William W. Johnson had already incurred federal income tax liabilities for tax years 2005 and 2007, and both Defendants William W. Johnson and Rosetta P. Johnson had already incurred trust fund penalty recovery penalty liabilities for several employment periods during 2007 and 2008.

69.     Upon information and belief, Defendants William W. Johnson and Rosetta P. Johnson transferred record title to Borland Road Parcel #2 with the actual intent to hinder, delay, or defraud the Internal Revenue Service.

70.     Upon information and belief, Defendants William W. Johnson and Rosetta P. Johnson did not receive reasonably equivalent value for the transfer of Borland Road Parcel #2.

71.     Upon information and belief, Defendants William W. Johnson and Rosetta P. Johnson became insolvent as a result of the transfer of Borland Road Parcel #2.

72.     Upon information and belief, Defendants William W. Johnson and/or Rosetta P. Johnson are the sole owners of Family Entertainment Services, Inc., Jackson County Holdings, Inc., Home Boys, Inc., and Tick Ridge Farms, Inc.

73.     Upon information and belief, Defendants William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., Jackson County Holdings, Inc., freely commingled business and personal funds.

74. Upon information and belief, during some or all of the periods at issue in this case, incoming payments to Family Entertainment Services, Inc., were deposited into the bank account of Jackson County Holdings, Inc., and then paid out to Family Entertainment Services, Inc., or other entities for various expenses, including personal and living expenses and gambling expenses of the Defendants Johnson.

75. Upon information and belief, several payments were made from the Jackson County Holdings, Inc., bank account to pay a Family Entertainment Services, Inc., loan for a 2001 Mercedes Benz that was used by the Johnsons for their personal use.

76. Upon information and belief, payroll checks for employees of Family Entertainment Services, Inc., were issued through the bank account of Jackson County Holdings, Inc.

77. Upon information and belief, checks that were payable to Family Entertainment Services, Inc., or Jackson County Holdings, Inc., were routinely deposited into William Johnson's personal bank account.

78. Defendant Jackson County Holdings, Inc., holds record title to Borland Road Parcel #1 as a mere nominee or alter ego of Defendants William W. Johnson and Rosetta P. Johnson.

79. Defendant Tick Ridge Farms, Inc., holds record title to Borland Road Parcel #2 as a mere nominee or alter ego of Defendants William W. Johnson and Rosetta P. Johnson.

**The Filing of Federal Tax Liens Encumbering the Borland Road Parcels**

80. On July 6, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against William W. Johnson for the tax years 2005 and

2007, in the Jackson County Recorder's Office. On December 4, 2017, the Internal Revenue Service re-filed its Notice of Federal Tax Lien with respect to tax year 2005.

81.     On November 6, 2015, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against William W. Johnson for the tax year 2013, in the Jackson County Recorder's Office.

82.     On February 29, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against William W. Johnson for the tax year 2014, in the Jackson County Recorder's Office.

83.     On July 6, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against William W. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending June 30, 2007, September 30, 2007, September 30, 2008, and December 31, 2008, in the Jackson County Recorder's Office.

84.     On September 6, 2011, the Internal Revenue Service filed a Notice of Federal Tax Lien the tax assessments made against William W. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending September 30, 2009, December 31, 2009, June 30, 2010, September 30, 2010, and December 31, 2010, in the Jackson County Recorder's Office.

85.     On September 11, 2015, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against William W. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending September 30, 2011, December 31, 2011, and March 31, 2012, in the Jackson County Recorder's Office.

86.     On January 4, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against William W. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending June 30, 2014, and March 31, 2015, in the Jackson County Recorder's Office.

87.     On December 4, 2017, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against Rosetta P. Johnson for the tax year 2013, in the Jackson County Recorder's Office.

88.     On July 6, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Rosetta P. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending June 30, 2007, September 30, 2007, September 30, 2008, and December 31, 2008, in the Jackson County Recorder's Office.

89.     On September 6, 2011, the Internal Revenue Service filed a Notice of Federal Tax Lien the tax assessments made against Rosetta P. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending September 30, 2009, December 31, 2009, June 30, 2010, September 30, 2010, and December 31, 2010, in the Jackson County Recorder's Office.

90.     On November 30, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Rosetta P. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending September 30, 2011, December 31, 2011, and March 31, 2012, in the Jackson County Recorder's Office.

91.     On January 4, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Rosetta P. Johnson for employment taxes with respect to Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for the employment tax periods ending June 30, 2014, and March 31, 2015, in the Jackson County Recorder's Office.

92.     On March 11, 2008, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment taxes for the employment tax period ending September 30, 2007, in the Jackson County Recorder's Office.  On November 27, 2017, the Internal Revenue Service re-filed its Notice of Federal Tax Lien with respect to this employment tax period.

93.     On March 30, 2009, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment taxes for the employment tax periods ending June 30, 2008, and September 30, 2008, in the Jackson County Recorder's Office.

94.     On September 6, 2011, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment taxes for the employment tax period ending December 31, 2008, in the Jackson County Recorder's Office.

95.     On June 1, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment taxes for the employment tax periods ending September 30, 2009, and December 31, 2009, in the Jackson County Recorder's Office.

96.     On November 5, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment

taxes for the employment tax period ending June 30, 2010, in the Jackson County Recorder's Office.

97.     On September 6, 2011, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Family Entertainment Services, Inc., for employment taxes for the employment tax periods ending September 30, 2010, and December 31, 2010, in the Jackson County Recorder's Office.

98.     On December 4, 2017, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against Family Entertainment Services, Inc., for the tax years 2013 and 2014, in the Jackson County Recorder's Office.

99.     On July 2, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax periods ending September 30, 2011, and December 31, 2011, in the Jackson County Recorder's Office.

100.     On July 27, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax period ending March 31, 2012, in the Jackson County Recorder's Office.

101.     On May 4, 2015, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax periods ending September 30, 2013, December 31, 2013, March 31, 2014, and June 30, 2014, in the Jackson County Recorder's Office.

102.     On September 25, 2015, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment

taxes for the employment tax periods ending December 31, 2014, and March 31, 2015, in the Jackson County Recorder's Office.

103.　On January 15, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax period ending June 30, 2015, in the Jackson County Recorder's Office.

104.　On January 10, 2017, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax period ending June 30, 2016, in the Jackson County Recorder's Office.

105.　On June 10, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Jackson County Holdings, Inc., for employment taxes for the employment tax period ending December 31, 2015, in the Jackson County Recorder's Office.

106.　On January 15, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the income tax assessments made against Jackson County Holdings, Inc., for the tax year 2014, in the Jackson County Recorder's Office.

107.　On June 10, 2016, the Internal Revenue Service filed a Notice of Federal Tax Lien for the 26 U.S.C. § 6721 penalty assessment made against Jackson County Holdings, Inc., for the tax year 2013, in the Jackson County Recorder's Office.

108.　On February 29, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien in the name of Family Entertainment Services, Inc.; Jackson County Holdings, Inc.; Home Boys, Inc.; Integrated Family Services, Inc.; and Tick Ridge Farms, Inc., as nominees, alter egos, and/or transferees of William W. Johnson, for the following tax periods, in the Jackson County Recorder's Office:  2007 (1040), June 30, 2007 (6672), September 30, 2007 (6672), September

26

30, 2008 (6672), December 31, 2008 (6672), September 30, 2009 (6672), December 31, 2009 (6672), June 30, 2010 (6672), September 30, 2010 (6672), and December 31, 2010 (6672).

109.    On February 29, 2012, the Internal Revenue Service filed a Notice of Federal Tax Lien in the name of Family Entertainment Services, Inc.; Jackson County Holdings, Inc.; Home Boys, Inc.; Integrated Family Services, Inc.; and Tick Ridge Farms, Inc., as nominees, alter egos, and/or transferees of Rosetta P. Johnson, for the following tax periods, in the Jackson County Recorder's Office:  June 30, 2007 (6672), September 30, 2007 (6672), September 30, 2008 (6672), December 31, 2008 (6672), September 30, 2009 (6672), December 31, 2009 (6672), June 30, 2010 (6672), September 30, 2010 (6672), and December 31, 2010 (6672).

**The Assessment Liens Attach to the Borland Road Parcels**

110.    As a result of William W. Johnson's, Rosetta P. Johnson's, and Jackson County Holdings, Inc.'s neglect, refusal, or failure to pay the assessments described in paragraphs 14-37 and 47-58 above, federal tax liens arose on the dates of the assessments, pursuant to 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property belonging to Defendants William W. Johnson, Rosetta P. Johnson, and Jackson County Holdings, Inc., including the Borland Road Parcels.

111.    The United States is entitled to enforce its liens for taxes against the Borland Road Parcels, to have the Borland Road Parcels sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of parties to this action, including any rights of redemption, and, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction of the tax liabilities of William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., and Jackson County Holdings, Inc., described in paragraphs 14-58, above.

27

### COUNT XI: Enforcement of Federal Tax Liens Against Rock Run Road Parcel #s 3 and 4 (All Defendants)

112.    The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

**Defendants William W. Johnson's, Rosetta P. Johnson's, and Jackson County Holdings, Inc.'s Ownership Interest in Rock Run Road Parcel #s 3 and 4**

113.    The Rock Run Road Parcels are located within the jurisdiction of this Court at Rock Run Road, Jackson, OH 45640, in Jackson County, and are legally described as follows:

Situated in the Township of Liberty, County of Jackson and State of Ohio:

First Tract:  A part of S.S.R. Lot No. four (4), township seven (7), range nineteen (19), beginning at the northwest corner of said lot; thence south along the west line of said lot, 40 rods to the church lot; thence eastward along the north line of said church lot to the County road running north and south through said Lot 4; thence northward along the center line of said road to the north line of said Lot 4; thence west along said north line to the beginning, containing six (6) acres, more or less.

Second Tract:  A part of S.S.R. Lot No. four (4) in township seven (7), range nineteen (19), beginning at the north east corner of said Lot; thence west on the north line of said lot to the public road; thence southeast along the line of the school lot 8 rods; thence southeast along the line of the school lot 20 rods to lands of William Music; thence northeast along the line of said lands of William Music to the east line of S.S.R. Lot No. 4; thence north along the line of said Lot 4 to the place of beginning, excepting out of the last described tract five (5) acres out of the north east corner and one (1) acre out of the north west corner, said tract containing after said exceptions, 13.10 acres.

Third Tract:  A part of S.S.R. Lot No. four (4), in the township and range aforesaid, said beginning point in the north west corner of said lot; thence east 2 rods; thence southeasterly along the line of said Crawford land 15½ rods; thence southerly to the east line of said Crawford's premises 10 rods from the west line of said Crawford's premises; thence to the west line of said Lot No. 4; thence north to the place of beginning, containing 1½ acre.

EXCEPTING FROM THE ABOVE DESCRIBED REAL ESTATE:

(A) Those premises conveyed to Edwin A. Jones et al. and being more particularly described as follows:

Being a part of Scioto Salt Reserve Lot #4 of Township Seven (7), Range Nineteen (19) described as follows:

Beginning at the northeast corner of said lot; thence West on the North line of said lot to the public road as now located; thence South and Southeast along the center line of said road to the Northwest corner of what was known as the School Lot; thence Northeast along the line of the School Lot Eight (8) Rods to the corner of said School Lot; thence Southeast along the line of said School Lot Twenty 20 (20) rods to the lands Edwin A. Jones and James McKitterick formerly owned by William Music; thence northeastward along said line of lands of Jones and McKitterick to the East line of Lot #4; thence North along the East line of said Lot to the place of beginning. Except Five (5) acres out of the Northeast corner of the tract above described containing after said exceptions 14.1 acres, more or less.

(B) And also EXCEPTING those premises conveyed to James Paugh and being more particularly described as follows:

A part of S.S.R. Lot four (4) of township seven (7), range nineteen (19), described as follows: Beginning at the southeast corner of section eleven (11), township seven (7), range eighteen (18), in the center of the road; thence west along the north line of said Lot No. 4, 260 feet; thence south 168 feet to a post; thence east 260 feet to the center of the road, thence north along the center of the road to the place of beginning 168 feet, containing one (1) acre.

The Real estate above described containing, after said exceptions, 5.5 acres, more or less.

Fourth Tract: A part of S.S.R. Lot No. five (5) in township and range aforesaid, beginning at the north east corner of said lot; thence west along the north line thereof 36 rods to a large rock; thence from said point of rock to another in a southeasterly direction around the ledge of rock to a point in the county road 33 rods south of the place of beginning; thence to the place of beginning containing six (6) acres, more or less.

Parcel Numbers G11-007-00-124-01 (2.417 acres) (780 Rock Run Road) ("Rock Run Road Parcel #1"), G11-007-00-125-02 (1.707 acres) ("Rock Run Road Parcel #2"), G11-007-00-124-00 (3.583 acres) ("Rock Run Road Parcel #3"), G11-007-00-125-01 (3.793 acres) ("Rock Run Road Parcel #4")

114. Rosetta P. Johnson acquired the Rock Run Road Parcels from Ernestine Sprouse and Charles Sprouse, husband and wife, by a document dated May 8, 1997, and recorded on May 12, 1997, with the Jackson County Recorder's Office at Volume 309, Page 578.

29

115.	William W. Johnson, husband of Rosetta P. Johnson, released his rights of dower with respect to the Rock Run Road Parcels by a document dated May 8, 1997, and recorded on May 12, 1997, with the Jackson County Recorder's Office at Volume 309, Page 581.

116.	Jackson County Holdings, Inc., acquired the Rock Run Road Parcels from Rosetta Johnson by a document dated August 28, 2000, and recorded on August 28, 2000, with the Jackson County Recorder's Office at Volume 327, Page 296.

117.	Rosetta P. Johnson acquired Rock Run Road Parcel #s 1 and 2 from Jackson County Holdings, Inc., by a document dated November 23, 2005, and recorded on November 23, 2005, with the Jackson County Recorder's Office at Volume 37, page 2846.

118.	On October 26, 2017, the Jackson County Court of Common Pleas entered a foreclosure judgment in favor of Bank of America, NA, with respect to its mortgage secured by Rock Run Road Parcel #s 1 and 2.

119.	Upon information and belief, Defendant Rosetta P. Johnson did not receive reasonably equivalent value for the transfer of the Rock Run Road Parcels in 2000.

120.	Upon information and belief, Defendant Rosetta P. Johnson became insolvent as a result of the transfer of the Rock Run Road Parcels in 2000.

121.	For the reasons set forth in Count X, above, Defendant Jackson County Holdings, Inc., holds record title to Rock Run Road Parcel #s 3 and 4 as a mere nominee or alter ego of Defendants William W. Johnson and Rosetta P. Johnson.

**The Filing of Federal Tax Liens Encumbering the Rock Run Road Parcel #s 3 and 4**

122.	The United States repeats and re-alleges paragraphs 80 to 109 above, as though fully set forth herein, regarding the Internal Revenue Service's filing of federal tax liens.

**The Assessment Liens Attach to the Rock Run Road Parcel #s 3 and 4**

123.    As a result of William W. Johnson's, Rosetta P. Johnson's, and Jackson County Holdings, Inc.'s neglect, refusal, or failure to pay the assessments described in paragraphs 14-37 and 47-58 above, federal tax liens arose on the dates of the assessments, pursuant to 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property belonging to Defendants William W. Johnson, Rosetta P. Johnson, and Jackson County Holdings, Inc., including the Rock Run Road Parcel #s 3 and 4.

124.    The United States is entitled to enforce its liens for taxes against the Rock Run Road Parcels, to have the Rock Run Road Parcel #s 3 and 4 sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of parties to this action, including any rights of redemption, and, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction of the tax liabilities of William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., and Jackson County Holdings, Inc., described in paragraphs 14-58, above.

### COUNT XII: Enforcement of Federal Tax Liens Against the Morton Street Parcels (All Defendants)

125.    The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

**Defendants William W. Johnson's, Rosetta P. Johnson's, and Family Entertainment Services, Inc.'s Ownership Interest in the Morton Street Parcels**

126.    The Morton Street Parcels, upon which the United States is seeking to enforce its tax liens, are located within the jurisdiction of this Court at Morton Street, Jackson, OH 45640, in Jackson County, and are legally described as follows:

Situated in the City of Jackson, County of Jackson and State of Ohio:  Lots in the Jackson Steel and Nail Mill Companies Addition to said City of Jackson, Ohio Lot Number Two Hundred Fifty-five (255) and Lot Number Two Hundred Fifty-six (256) and Lot Number Two Hundred Fifty Seven (257) and Lot Number Two Hundred Fifty eight (258).

Parcel Numbers H14-003-00-119-00 (2 Morton Street) ("Morton Street Parcel #1"), H14-003-00-117-00 ("Morton Street Parcel #2"), H14-003-00-118-00 ("Morton Street Parcel #3")

127.    Family Entertainment Services, Inc., acquired the Morton Street Parcels from Oakman, Inc., by a document dated December 31, 2004, and recorded on January 3, 2005, with the Jackson County Recorder's Office at Volume 39, Page 1777.

128.    Family Entertainment Services, Inc., gave a purported mortgage to Jackson County Holdings, Inc., to secure a purported promissory note in the face amount of $205,000, by a document dated January 1, 2006, and recorded on January 5, 2006, with the Jackson County Recorder's Office at Volume 39, Page 2028.

129.    Upon information and belief, the mortgage to Jackson County Holdings, Inc., was a fraudulent or fictitious document intended to protect the Morton Street Parcels from future collection activity.

130.    For the reasons set forth in Count X, above, and in paragraphs 128-29, above, Defendant Family Entertainment Services, Inc., holds record title to the Morton Street Parcels as a mere nominee or alter ego of Defendants William W. Johnson and Rosetta P. Johnson.

**The Filing of Federal Tax Liens Encumbering the Morton Street Parcels**

131.    The United States repeats and re-alleges paragraphs 80 to 109 above, as though fully set forth herein, regarding the Internal Revenue Service's filing of federal tax liens.

**The Assessment Liens Attach to the Morton Street Parcels**

132.    As a result of William W. Johnson's, Rosetta P. Johnson's, and Family Entertainment Services, Inc.'s neglect, refusal, or failure to pay the assessments described in

paragraphs 14-46 above, federal tax liens arose on the dates of the assessments, pursuant to 26

U.S.C. §§ 6321 and 6322, and attached to all property and rights to property belonging to

Defendants William W. Johnson, Rosetta P. Johnson, and Family Entertainment Services, Inc.,

including the Morton Street Parcels.

133.    The United States is entitled to enforce its liens for taxes against the Morton

Street Parcels, to have the Morton Street Parcels sold at a judicial sale free and clear of all rights,

titles, claims, liens, and interests of parties to this action, including any rights of redemption, and,

after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C.

§ 6323(b)(6), to have an appropriate portion of the net proceeds applied toward the satisfaction

of the tax liabilities of William W. Johnson, Rosetta P. Johnson, Family Entertainment Services,

Inc., and Jackson County Holdings, Inc., described in paragraphs 14-58, above.

WHEREFORE the Plaintiff United States of America requests that this Court:

A.     Enter judgment in favor of the Plaintiff United States of America and against the

Defendant William W. Johnson in the amount of $44,141.51, as of March 19, 2018, plus

statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§

6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal income taxes assessed

against him;

B.     Enter judgment in favor of the Plaintiff United States of America and against the

Defendant William W. Johnson in the amount of $490,627.47, as of March 19, 2018, plus

statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§

6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid trust fund recovery penalties

assessed against him;

C.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Rosetta P. Johnson in the amount of $977.02, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal income taxes assessed against her;

D.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Rosetta P. Johnson in the amount of $456,140.49, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid trust fund recovery penalties assessed against her;

E.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Family Entertainment Services, Inc., in the amount of $671,122.42, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal employment taxes assessed against it;

F.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Family Entertainment Services, Inc., in the amount of $947.17 as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal income taxes assessed against it;

G.      Enter judgment in favor of the Plaintiff United States of America and against the Defendant Jackson County Holdings, Inc., in the amount of $229,893.15, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C.

§§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal employment taxes assessed against it;

   H. Enter judgment in favor of the Plaintiff United States of America and against the Defendant Jackson County Holdings, Inc., in the amount of $7,981.27, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid federal income taxes assessed against it;

   I. Enter judgment in favor of the Plaintiff United States of America and against the Defendant Jackson County Holdings, Inc., in the amount of $8,702.20, as of March 19, 2018, plus statutory additions from and after March 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) for the unpaid civil penalty assessed against it;

   J. Order that the federal tax liens for the liabilities of the Defendants William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., and Jackson County Holdings, Inc., be enforced, and that the Borland Road Parcels, Rock Run Road Parcel #s 3 and 4, and Morton Street Parcels may be sold by an officer of this Court, according to law, free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any right of redemption, with an appropriate portion of the net proceeds of the sale, after the payment of the direct costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6323(b)(6), to be paid to the Plaintiff United States for application to the unpaid federal internal revenue tax liabilities of William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., and Jackson County Holdings, Inc.; and

K.       Award the United States of America its costs in this action, and such other and

further relief as the Court determines is just and proper.


DATED:  April 20, 2018

<div style="margin-left:40%">

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice


   _/s/ Philip L. Bednar_____
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304

</div>

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) ) ) ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) ) ) ) | |
| *Defendant(s)* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10113; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10113; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10113; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10113; I returned the summons unexecuted because _____ ; or

&#10113; Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*

                                                                           .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                                _____
                                                         *Server's signature*

                                                _____
                                                          *Printed name and title*

                                                _____
                                                           *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>_____<br>*Plaintiff(s)*<br>v.<br>)<br>)<br>)<br>)<br>_____<br>*Defendant(s)* | Civil Action No. |

*Plaintiff(s)*

v.                    )        Civil Action No.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

TO: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: