# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                 **Civil Action 2:18-cv-363**

   v.                          **CHIEF JUDGE EDMUND A. SARGUS, JR.**

                                 **Magistrate Judge Elizabeth P. Deavers**

WILLIAM W. JOHNSON, *et al.*,

     Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff United State of America's ("Plaintiff")

Unopposed Motion for Default Judgment. (ECF No. 53). For the reasons that follow, Plaintiff's

Motion is **GRANTED**. (ECF No. 53).

## I.

Plaintiff filed suit against Defendants on April 20, 2018, seeking to enforce federal tax

liens on certain properties located in Jacksonville County, Ohio. (Compl., ECF No. 1). On July

24, 2018, Plaintiff filed an Amended Complaint containing revised descriptions of the properties

and an additional named Defendant. (Am. Compl., ECF No. 16). On February 25, 2019,

Plaintiff filed a Second Amended Complaint, naming the Ohio Department of Taxation, the Ohio

Department of Job and Family Services, and the Ohio Bureau of Workers' Compensation as

separate Defendants. (Second Am. Compl., ECF No. 52). Plaintiff seeks relief on twelve counts

regarding: (1) unpaid federal tax liabilities (counts 1–9) and (2) the enforcement of federal tax

liens (counts 10–12). (*Id.*).

On September 18, 2018, Plaintiff applied for an entry of default against Defendants Family Entertainment Services, Inc.; Sandbor Promotions, LLC; Capital One Bank (USA), N.A.; Sysco Central Ohio, Inc.; State of Texas; and Treasurer of Jackson County for failure to answer or otherwise defend. (ECF No. 27). The Clerk entered default against these Defendants on September 24, 2018. (ECF No. 29). Since the entry of default, Defendants Sandbor Promotions, LLC; Capital One Bank (USA), N.A.; Sysco Central Ohio, Inc.; and State of Texas, have not answered or otherwise responded.[1] As such, Plaintiff now requests the Court grant default judgment against these Defendants, declaring they "have no right, title, claim, lien, or interest in the Properties (described below) or in the proceeds of any sales of those Properties." (Pl.'s Memo at 1, ECF No. 53-1). The Properties are defined as follows:

Borland Road Parcel #1

Situated in the Township of Jackson, County of Jackson and State of Ohio:

Being the northeast quarter of the northwest quarter of Section No. 11, Township No. 8, Range No. 19, and containing 40 acres, more or less.

Parcel Number E08-001-00-100-00

Borland Road Parcel #2

Situated in the Township of Jackson, County of Jackson and State of Ohio:

Being the northwest quarter of the northeast quarter of Section No. 11, Township No. 8, Range No. 19, and containing 40 acres, more or less.

Parcel Number E08-001-00-101-00 (3732 Borland Road)

Rock Run Road Parcel #s 3-4

---

[1] Plaintiff only moves for default judgment against four of the defaulting Defendants, i.e., Defendants Sandbor Promotions, LLC; Capital One Bank (USA), N.A.; Sysco Central Ohio, Inc.; and State of Texas. (ECF No. 53). Although Defendants Family Entertainment Services, Inc. and Treasurer of Jackson County are also in default (ECF No. 29), the Court declines to consider default judgment with regard to these Defendants absent a motion.

Situated in the County of Jackson, Township of Liberty and State of Ohio, to wit:

First Tract: A part of S.S.R. Lot No. four (4), township seven (7), range nineteen (19), beginning at the northwest corner of said lot; thence south along the west line of said lot, 40 rods to the church lot; thence eastward along the north line of said church lot to the County road running north and south through said Lot 4; thence northward along the center line of said road to the north line of said Lot 4; thence west along said north line to the beginning, containing six (6) acres, more or less.

Second Tract: A part of S.S.R. Lot No. four (4) in township seven (7), range nineteen (19), beginning at the north east corner of said Lot; thence west on the north line of said lot to the public road; thence southeast along the line of the school lot 8 rods; thence southeast along the line of the school lot 20 rods to lands of William Music; thence northeast along the line of said lands of William Music to the east line of S.S.R. Lot No. 4; thence north along the line of said Lot 4 to the place of beginning, excepting out of the last described tract five (5) acres out of the north east corner and one (1) acre out of the north west corner, said tract containing after said exceptions, 13.10 acres.

Third Tract: A part of S.S.R. Lot No. four (4), in the township and range aforesaid, said beginning point in the north west corner of said lot; thence east 2 rods; thence southeasterly along the line of said Crawford land 15½ rods; thence southerly to the east line of said Crawford's premises 10 rods from the west line of said Crawford's premises; thence to the west line of said Lot No. 4; thence north to the place of beginning, containing 1½ acre.

EXCEPTING FROM THE ABOVE DESCRIBED REAL ESTATE:

(A) Those premises conveyed to Edwin A. Jones et al. and being more particularly described as follows:

Being a part of Scioto Salt Reserve Lot #4 of Township Seven (7), Range Nineteen (19) described as follows:

Beginning at the northeast corner of said lot; thence West on the North line of said lot to the public road as now located; thence South and Southeast along the center line of said road to the Northwest corner of what was known as the School Lot; thence Northeast along the line of the School Lot Eight (8) Rods to the corner of said School Lot; thence Southeast along the line of said School Lot Twenty 20 (20) rods to the lands Edwin A. Jones and James McKitterick formerly owned by William Music; thence northeastward along said line of lands of Jones and McKitterick to the East line of Lot #4; thence North along the East line of said Lot to the place of beginning. Except Five (5) acres out of the Northeast corner of the tract above described containing after said exceptions 14.1 acres, more or less.

(B) And also EXCEPTING those premises conveyed to James Paugh and being more particularly described as follows:

A part of S.S.R. Lot four (4) of township seven (7), range nineteen (19), described as follows: Beginning at the southeast corner of section eleven (11), township seven (7), range eighteen (18), in the center of the road; thence west along the north line of said Lot No. 4, 260 feet; thence south 168 feet to a post; thence east 260 feet to the center of the road, thence north along the center of the road to the place of beginning 168 feet, containing one (1) acre. The Real estate above described containing, after said exceptions, 5.5 acres, more or less.

Fourth Tract: A part of S.S.R. Lot No. five (5) in township and range aforesaid, beginning at the north east corner of said lot; thence west along the north line thereof 36 rods to a large rock; thence from said point of rock to another in a southeasterly direction around the ledge of rock to a point in the county road 33 rods south of the place of beginning; thence to the place of beginning containing six (6) acres, more or less. Parcel Numbers G11-007-00-124-00 (3.583 acres) ("Rock Run Road Parcel #3"), G11- 007-00-125-01 (3.793 acres) ("Rock Run Road Parcel #4")

Morton Street Parcels

Situated in the City of Jackson, County of Jackson and State of Ohio: Lots in the Jackson Steel and Nail Mill Companies Addition to said City of Jackson, Ohio Lot Number Two Hundred Fifty-five (255) and Lot Number Two Hundred Fifty-six (256) and Lot Number Two Hundred Fifty Seven (257) and Lot Number Two Hundred Fifty eight (258). Parcel Numbers H14-003-00-119-00 (2 Morton Street) ("Morton Street Parcel #1"), H14-003-00-117-00 ("Morton Street Parcel #2"), H14-003-00-118-00 ("Morton Street Parcel #3")

(Pl.'s Proposed Order, ECF No. 53-3).

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Second, upon the Clerk's entry of default, the plaintiff must apply to the Court for a default judgment if its claims are not for "a sum certain or a sum that can be made certain by

computation." Fed. R. Civ. P. 55(b). When considering the plaintiff's application for default judgment, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at \*1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at \*2 (S.D. Ohio May 27, 2011)).

### III.

Plaintiff moves for default judgment against four Defendants: Sandbor Promotions, LLC; Capital One Bank (USA), N.A.; Sysco Central Ohio, Inc.; and State of Texas. The Clerk entered default against these Defendants on September 24, 2018. (ECF No. 29). Thus, Plaintiff satisfies the first prong of the Court's analysis. In addition, Plaintiff applied to the Court for an entry of default judgment. (ECF No. 53). Taking Plaintiff's facts as true, the Court concludes that Defendants Sandbor Promotions, LLC; Capital One Bank (USA), N.A.; Sysco Central Ohio, Inc.; and State of Texas "have no right, title, claim, lien, or interest in the [Properties] or in the proceeds of any sales of those Properties."[2]

### IV.

For the reasons stated above, Plaintiff's Motion for Default Judgment is **GRANTED** (ECF No. 53).

---

[2] Plaintiff also named non-defaulting Defendants Ohio Department of Taxation; Ohio Department of Job and Family Services; and Ohio Bureau of Workers' Compensation as parties "pursuant to 26 U.S.C. § 7403(b) because each has or may claim an interest in the real properties upon which the United States seeks to enforce its liens." (Second Am. Compl. ¶ 12). Because the right of these non-defaulting Defendants to enforce their liens is determined by statute, granting default judgment will not impair their rights. The priorities of the liens will be assessed at a later date.

**IT IS SO ORDERED.**

5 - 19 -2019
_____
DATE

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**