IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>          v. )<br>)<br>WILLIAM W. JOHNSON; )<br>ROSETTA P. JOHNSON; )<br>FAMILY ENTERTAINMENT SERVICES, )<br>INC.; )<br>JACKSON COUNTY HOLDINGS, INC.; )<br>TICK RIDGE FARMS, INC.; )<br>SANDBOR PROMOTIONS, LLC; )<br>THE BRICKMAN GROUP, LTD., now known )<br>as BRIGHTVIEW LANDSCAPES, LLC; )<br>CAPITAL ONE BANK (USA), N.A.; )<br>SYSCO CENTRAL OHIO, INC., )<br>STATE OF OHIO; )<br>STATE OF TEXAS; and )<br>TREASURER OF JACKSON COUNTY; )<br>)<br>       Defendants. )<br>) | Case No. 2:18-cv-00363<br><br>Dist. Judge Edmund A. Sargus, Jr.<br><br>Mag. Judge Elizabeth A. Preston Deavers |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR ORDER CONFIRMING SALE OF REAL PROPERTY AND DIRECTING DISTRIBUTION OF PROCEEDS**

Plaintiff United States of America moves for an order confirming the sale of real property and directing the distribution of the proceeds of sale.

The real property is located at Rock Run Road, Jackson, OH 45640 (the "Property"). The Property is legally described as:

Situate in the County of Jackson, Township of Liberty and State of Ohio, to wit:

<u>First Tract</u>: A part of S.S.R. Lot No. four (4), township seven (7), range nineteen (19), beginning at the northwest corner of said lot; thence south along the west line of said lot, 40 rods to the church lot; thence eastward along the north line of said church lot to the County road running north and south through said Lot 4; thence northward along the

center line of said road to the north line of said Lot 4; thence west along said north line to the beginning, containing six (6) acres, more or less.

Second Tract: A part of S.S.R. Lot No. four (4) in township seven (7), range nineteen (19), beginning at the north east corner of said Lot; thence west on the north line of said lot to the public road; thence southeast along the line of the school lot 8 rods; thence southeast along the line of the school lot 20 rods to lands of William Music; thence northeast along the line of said lands of William Music to the east line of S.S.R. Lot No. 4; thence north along the line of said Lot 4 to the place of beginning, excepting out of the last described tract five (5) acres out of the north east corner and one (1) acre out of the north west corner, said tract containing after said exceptions, 13.10 acres.

Third Tract: A part of S.S.R. Lot No. four (4), in the township and range aforesaid, said beginning point in the north west corner of said lot; thence east 2 rods; thence southeasterly along the line of said Crawford land 15½ rods; thence southerly to the east line of said Crawford's premises 10 rods from the west line of said Crawford's premises; thence to the west line of said Lot No. 4; thence north to the place of beginning, containing 1½ acre.

EXCEPTING FROM THE ABOVE DESCRIBED REAL ESTATE:

(A) Those premises conveyed to Edwin A. Jones et al. and being more particularly described as follows:

Being a part of Scioto Salt Reserve Lot #4 of Township Seven (7), Range Nineteen (19) described as follows:

Beginning at the northeast corner of said lot; thence West on the North line of said lot to the public road as now located; thence South and Southeast along the center line of said road to the Northwest corner of what was known as the School Lot; thence Northeast along the line of the School Lot Eight (8) Rods to the corner of said School Lot; thence Southeast along the line of said School Lot Twenty 20 (20) rods to the lands Edwin A. Jones and James McKitterick formerly owned by William Music; thence northeastward along said line of lands of Jones and McKitterick to the East line of Lot #4; thence North along the East line of said Lot to the place of beginning. Except Five (5) acres out of the Northeast corner of the tract above described containing after said exceptions 14.1 acres, more or less.

(B) And also EXCEPTING those premises conveyed to James Paugh and being more particularly described as follows:

A part of S.S.R. Lot four (4) of township seven (7), range nineteen (19), described as follows: Beginning at the southeast corner of section eleven (11), township seven (7), range eighteen (18), in the center of the road; thence west along the north line of said Lot No. 4, 260 feet; thence south 168 feet to a post; thence east

2

> 260 feet to the center of the road, thence north along the center of the road to the place of beginning 168 feet, containing one (1) acre.
>
> The Real estate above described containing, after said exceptions, 5.5 acres, more or less.
>
> Fourth Tract:  A part of S.S.R. Lot No. five (5) in township and range aforesaid, beginning at the north east corner of said lot; thence west along the north line thereof 36 rods to a large rock; thence from said point of rock to another in a southeasterly direction around the ledge of rock to a point in the county road 33 rods south of the place of beginning; thence to the place of beginning containing six (6) acres, more or less.
>
> Parcel Numbers G11-007-00-124-00 (3.583 acres) ("Rock Run Road Parcel #3"), G11-007-00-125-01 (3.793 acres) ("Rock Run Road Parcel #4")

By a document dated May 8, 1997, and recorded with the Jackson County Recorder's Office at Volume 309, Page 578, Ernestine Sprouse and Charles Sprouse, husband and wife, conveyed the Property to Rosetta P. Johnson.  William W. Johnson, husband of Rosetta P. Johnson released his rights of dower with respect to the Property by a document dated May 8, 1997, and recorded on May 12, 1997, with the Jackson County Recorder's Office at Volume 309, Page 581.  Jackson County Holdings, Inc., acquired the Property from Rosetta Johnson by a document dated August 28, 2000, and recorded on August 28, 2000, with the Jackson County Recorder's Office at Volume 327, Page 296.

On June 4, 2019, the Court entered a stipulated final judgment in favor of the Plaintiff United States and against (1) Defendants William W. Johnson for his unpaid federal income taxes (Form 1040) for tax years 2005, 2007, and 2013, (2) Defendant William W. Johnson for his unpaid trust fund recovery penalties due to unpaid unemployment taxes of Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for employment tax periods during 2007-15, (3) Defendant Rosetta P. Johnson for her unpaid federal income taxes (Form 1040) for tax year 2013, (4) Defendant Rosetta P. Johnson for her unpaid trust fund recovery penalties due to

unpaid unemployment taxes of Family Entertainment Services, Inc., and Jackson County Holdings, Inc., for employment tax periods during 2007-15, (5) Defendant William W. Johnson and Rosetta P. Johnson, jointly and severally, for their unpaid federal income taxes (Form 1040) for tax year 2014, (6) Defendant Family Entertainment Services, Inc., for its unpaid federal employment taxes (Forms 941/940) for employment tax periods during 2007-10, (7) Defendant Family Entertainment Services, Inc., for its unpaid federal corporate income taxes (Form 1120) for tax years 2013, 2014, and 2016, (8) Defendant Jackson County Holdings, Inc., for its unpaid federal employment taxes (Forms 941/940) for employment tax periods during 2011-16, (9) Defendant Jackson County Holdings, Inc., for its unpaid federal corporate income taxes (Form 1120) for tax year 2014, and (10) against Defendant Jackson County Holdings, Inc., for its unpaid federal tax penalties (26 U.S.C. § 6721) for tax year 2013, enforcing the federal tax liens securing those liabilities against the property and rights to property belonging to the above-referenced Defendants, including the Property, and ordering that the Property be sold to enforce such liens, with the sales proceeds to be applied toward the above-referenced Defendants' unpaid federal tax liabilities.  [Docket No. 61.]  The Court then approved an Order of Sale [Docket No. 63] on July 11, 2019, specifying the procedures to be followed by the IRS Property Appraisal and Liquidation Specialist (PALS) in selling the Property at public auction.  The Court subsequently approved an Amended Order of Sale [Docket No. 67] on September 11, 2020, which permits the IRS to conduct a mail-in bid public auction of the Property, in light of the COVID-19 pandemic.

     The PALS sold the Property at public auction on November 10, 2020.  Exhibit 1 (Declaration and Report of Sale of Arlenar McClain).  The high bidder at the auction was David R. Michael, who bid $31,551.00.  *See id.*  David R. Michael submitted a $1,300.00 deposit to

Ms. McClain of the PALS on November 10, 2020, and subsequently delivered to Ms. McClain the balance of $30,251.00. *See id.* The PALS deposited the entire $31,551.00 in sale proceeds with the Court. *See* Docket Text Entry of November 23, 2020, and Docket No. 69. The public auction conformed to the Order of Sale in all respects. *See* Exhibit 1.

The United States requests that the Court now enter an order confirming the sale of the Property to David R. Michael, after which time the IRS will execute a deed to David R. Michael, substantially in the form of the attached proposed deed. Exhibit 2 (proposed deed).

The United States requests that the Court's order further direct distribution of the $31,551.00 in sales proceeds as follows:

1. To the Internal Revenue Service in the amount of $3,257.95 for the following costs of sale:

| | |
|---|---|
| Title search | $179.95 |
| Online advertisement | $40.00 |
| Display advertisement | $247.00 |
| Legal advertisement | $2,791.00 |
| **TOTAL** | **$3,257.95** |

*See* Ex. 1.

2. To Jackson County Treasurer in the amount of the real property taxes due and owing with regard to the Property. As of the date of this Motion, the total amount of property taxes due is $1,161.68 (for parcel G11-007-00-124-00) and $130.05 (for parcel G11-007-00-125-01). Exhibit 3 (property tax statement).

3. To the United States in the amount of $27,001.32, for application toward William W. Johnson's and Rosetta P. Johnson's federal tax liabilities set forth in the Notice of Federal Tax Lien recorded with the Jackson County Recorder's Office on February 29, 2012 (instrument numbers 201200000678 and 201200000679).

A proposed order and deed are attached.

WHEREFORE, the Plaintiff United States requests that the Court enter an order confirming the sale of the Property to David R. Michael for $31,551.00, and directing distribution of sales proceeds.

DATED:  December 15, 2020

>RICHARD E. ZUCKERMAN
>Principal Deputy Assistant Attorney General
>Tax Division, U.S. Department of Justice
>
>  */s/ Philip L. Bednar*
>PHILIP LEONARD BEDNAR
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 55
>Washington, D.C.  20044
>202-307-6415 (v)
>202-514-5238 (f)
>Philip.L.Bednar@usdoj.gov
>WA State Bar No. 41304
>Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and mailed the same to the following:

Sandbor Promotions, LLC
Attn:  Michael D. Bornstein, Registered Agent
2557 Bexley Park Road
Bexley, OH  43209
*Defendant Pro Se*

Capital One Bank (USA), N.A.
Attn:  Susan Zimmerman, Legal Director
8000 Towers Crescent Drive
Vienna, VA  22182-2707
*Defendant Pro Se*

Sysco Central Ohio, Inc.
Attn:  Capitol Corporate Services, Inc., Registered Agent
4568 Mayfield Road
Cleveland, OH  44121
*Defendant Pro Se*

State of Texas
Attn:  Michael Orta, Secretary of State's Office
1019 Brazos, 1st Floor, Citations Unit
Austin, TX  78701
*Defendant Pro Se*

Treasurer of Jackson County
Attn:  B. Lee Hubbard, Treasurer
226 East Main Street, 3rd Floor
Jackson, OH  45640
*Defendant Pro Se*

> */s/ Philip L. Bednar*
>
> PHILIP L. BEDNAR
> Trial Attorney
> United States Department of Justice, Tax Division