UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

 v.

WILLIAM W. JOHNSON;
ROSETTA P. JOHNSON;
FAMILY ENTERTAINMENT SERVICES, INC.;
JACKSON COUNTY HOLDINGS, INC.;
TICK RIDGE FARMS, INC.;
SANDBOR PROMOTIONS, LLC;
THE BRICKMAN GROUP, LTD., now known as BRIGHTVIEW LANDSCAPES, LLC;
CAPITAL ONE BANK (USA), N.A.;
SYSCO CENTRAL OHIO, INC.;
STATE OF OHIO;
STATE OF TEXAS; and
TREASURER OF JACKSON COUNTY,

  Defendants.

Case No. 2:18-cv-363
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER CONFIRMING SALE

Plaintiff United States of America has moved for an order confirming the judicial sale of real property (ECF No. 70), and it appearing that, pursuant to the Court's Order of Sale, dated July 11, 2019, and amended on September 11, 2020, the Property Appraisal and Liquidation Specialists for the Internal Revenue Service, U.S. Department of Treasury, did offer for sale by public auction the land, along with all improvements, buildings, and appurtenances thereon, now known as Rock Run Road, Jackson, Ohio 45640 (the "Property"), and more fully described as follows:

Situated in the County of Jackson, Township of Liberty and State of Ohio, to wit:

First Tract: A part of S.S.R. Lot No. four (4), township seven (7), range nineteen (19), beginning at the northwest corner of said lot; thence south along the west line of said lot, 40 rods to the church lot; thence eastward along the north line of said church lot to the County road running north and south through said Lot 4; thence northward along the center line of said road to the north line of said Lot 4; thence west along said north line to the beginning, containing six (6) acres, more or less.

Second Tract: A part of S.S.R. Lot No. four (4) in township seven (7), range nineteen (19), beginning at the north east corner of said Lot; thence west on the north line of said lot to the public road; thence southeast along the line of the school lot 8 rods; thence southeast along the line of the school lot 20 rods to lands of William Music; thence northeast along the line of said lands of William Music to the east line of S.S.R. Lot No. 4; thence north along the line of said Lot 4 to the place of beginning, excepting out of the last described tract five (5) acres out of the north east corner and one (1) acre out of the north west corner, said tract containing after said exceptions, 13.10 acres.

Third Tract: A part of S.S.R. Lot No. four (4), in the township and range aforesaid, said beginning point in the north west corner of said lot; thence east 2 rods; thence southeasterly along the line of said Crawford land 15½ rods; thence southerly to the east line of said Crawford's premises 10 rods from the west line of said Crawford's premises; thence to the west li e of said Lot No. 4; thence north to the place of beginning,
containing 1½ acre.

    EXCEPTING FROM THE ABOVE DESCRIBED REAL ESTATE:

(A) Those premises conveyed to Edwin A. Jones et al. and being more particularly described as follows:

Being a part of Scioto Salt Reserve Lot #4 of Township Seven (7), Range Nineteen (19) described as follows:

Beginning at the northeast corner of said lot; thence West on the North line of said lot to the public road as now located; thence South and Southeast along the center line of said road to the Northwest corner of what was known as the School Lot; thence Northeast along the line of the School Lot Eight (8) Rods to the corner of said School Lot; thence Southeast along the line of said School Lot Twenty 20 (20) rods to the lands Edwin A. Jones and James McKitterick formerly owned by William Music; thence northeastward along said line of lands of Jones and McKitterick to the East line of Lot #4; thence North along the East line of said Lot to the place of beginning.  Except Five (5) acres out of the Northeast corner of the tract above described containing after said exceptions 14.1 acres, more or less.

(B) And also EXCEPTING those premises conveyed to James Paugh and being more particularly described as follows:

2

> A part of S.S.R. Lot four (4) of township seven (7), range nineteen (19), described as follows: Beginning at the southeast corner of section eleven (11), township seven (7), range eighteen (18), in the center of the road; thence west along the north line of said Lot No. 4, 260 feet; thence south 168 feet to a post; thence east 260 feet to the center of the road, thence north along the center of the road to the place of beginning 168 feet, containing one (1) acre.
>
> The Real estate above described containing, after said exceptions, 5.5 acres, more or less.

Fourth Tract: A part of S.S.R. Lot No. five (5) in township and range aforesaid, beginning at the north east corner of said lot; thence west along the north line thereof 36 rods to a large rock; thence from said point of rock to another in a southeasterly direction around the ledge of rock to a point in the county road 33 rods south of the place of beginning; thence to the place of beginning containing six (6) acres, more or less.

Parcel Numbers G11-007-00-124-00 (3.583 acres) ("Rock Run Road Parcel #3"), G11-007-00-125-01 (3.793 acres) ("Rock Run Road Parcel #4")

And, it appearing that the highest and best bid received for the Property was made by David R. Michael, in the amount of $31,551.00, and that the amount bid has been fully paid;

And, it further appearing that the Property Appraisal and Liquidation Specialists' public sale was in all respects in conformity with the Court's Amended Order of Sale—

It is **ORDERED** that:

1. The Plaintiff United States' Motion for Order Confirming Sale of Real Property and Directing Distribution of Proceeds is **GRANTED**.

2. The sale by public auction of the Property to David R. Michael for the sum of $31,551.00 is in all respects confirmed. The Property Appraisal and Liquidation Specialists of the Internal Revenue Service, U.S. Department of the Treasury, sold the Properties in conformity with the Court's Amended Order of Sale, and David R. Michael submitted the highest and best bid.

3. Upon entry of this order, title to, and ownership and possession of, the Property shall vest in David R. Michael, the successful bidder at the public sale. The Internal Revenue Service, U.S. Department of Treasury, is authorized and directed to issue a judicial deed to the Property substantially in the form of the deed attached to the United States' Motion. The conveyance of the Property is free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the Plaintiff United States and the Defendants William W. Johnson, Rosetta P. Johnson, Family Entertainment Services, Inc., Jackson County Holdings, Inc., Tick Ridge Farms, Inc., Sandbor Promotions LLC, The Brickman Group Ltd. (now known as Brightview Landscapes LLC), Capital One Bank (USA), N.A., Sysco Central Ohio, Inc., State of Ohio, and State of Texas, and any successors in interest or transferees of those parties. The Recording Official of Jackson County, Ohio, shall cause the transfer of the Property to be reflected upon that county's register of title.

4. The Clerk of the Court is directed to distribute the $31,551.00 in proceeds of the sale of the Property as follows:

FIRST, to the Internal Revenue Service Property Appraisal and Liquidation Specialist (PALS) in the amount of $3,257.95 (payable to "United States Treasury") for the costs of sale:

Arlenar McClain
Property Appraisal and Liquidation Specialist
Internal Revenue Service
6450 Rockside Woods Blvd. S., Suite 310
Independence, OH 44131

SECOND, to Jackson County Treasurer, in the amount of $1,291.73, for the local real estate taxes due and owing for the Property, in the form of checks in the amount of amount of

4

$1,161.68 (for parcel G11-007-00-124-00) and $130.05 (for parcel G11-007-00-125-01) (payable to "Jackson County Treasurer"), and the checks sent to:

> B. Lee Hubbard
> Jackson County Treasurer
> P.O. Box 980
> Jackson, OH 45640-0980

THIRD, to the U.S. Department of Justice, Tax Division (payable to "U.S. Department of Justice"), in the amount of $27,001.32, for application toward William W. Johnson's and Rosetta P. Johnson's federal tax liabilities set forth in the Notice of Federal Tax Lien recorded with the Jackson County Recorder's Office on February 29, 2012 (instrument numbers 201200000678 and 201200000679):

> U.S. Department of Justice, Tax Division
> Tax FLU, Office of Review
> P.O. Box 310
> Washington, D.C. 20044-0310
> (if sent by U.S. Mail)

> U.S. Department of Justice, Tax Division
> Tax FLU, Office of Review
> 555 4th Street NW, Room 6647
> Washington, D.C. 20001
> (if sent by overnight delivery)

Each of the above-referenced checks shall contain reference to "18-363 SD Ohio" in the notation line. Any accrued interest on the sale proceeds held in the Court's registry shall be paid to the U.S. Department of Justice-Tax Division in the manner set forth above, for application toward the federal tax liabilities of William W. Johnson and Rosetta P. Johnson.

**IT IS SO ORDERED.**

5

12/18/2020                                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                                **EDMUND A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**